UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>          Plaintiff,<br><br>     v.<br><br>GOMEZ, et al.,,<br><br>          Defendants. | Case No.: 1:20-cv-00658-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BASED ON FINDING OF IMMINENT DANGER EXCEPTION<br><br>[ECF No. 4] |

Plaintiff Latwahn McElroy is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on May 11, 2020.  (ECF No. 1.)

Currently before the Court is Plaintiff's motion to in forma pauperis on May 14, 2020.  (ECF No. 4.)

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

1

pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he was subjected to unconstitutional conditions, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: McElroy v. Schultz, No. 1:08-cv-00179-OWW-MSJ (E.D. Cal. April 20, 2010) (dismissed action for failure to state a cognizable claim for relief); McElroy v. CDC, No. 2:08-cv-000733-HWG (E.D. Cal. June 3, 2009) (dismissed action for failure to state a cognizable claim for relief); McElroy v. Gebmedin, et al., No. 1:08-cv-00124-LJO-GSA (E.D. Cal. Dec. 11, 2008) (dismissed for failure to state a cognizable claim for relief);[1] McElroy v. Inglewood, et al., No. 2:03-cv-5034-UA-MLG (C.D. Cal. July 25, 2003) (dismissed as frivolous); and McElroy v. Inglewood, et al., No. 2:02-

---

[1] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismissed a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). The Ninth Circuit reasoned that "[a] prisoner may not avoid incurring strikes simply by declining to take advantage" of the opportunity to amend the complaint. Id.

2

4301-MMM-MLG (C.D. Cal. Nov. 20, 2002) (dismissed for failure to state a cognizable claim for relief).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on May 8, 2020.[2] Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055. The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053.

In his complaint, Plaintiff alleges, *inter alia*, that he has not been provided adequate medical devices or placed in an appropriate cell, which has resulted in multiple injuries with no treatment, and that he is currently housed with an incompatible inmate or threatened to be housed with an incompatible inmate, despite his single cell status. Based on the allegations, liberally construed, the Court finds that Plaintiff's allegations of imminent harm are sufficiently plausible. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (emphasizing that the allegations in a pro se complaint are required to be liberally construed). Therefore, the Court concludes that Plaintiff has credibly alleged imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g) to be allowed to proceed in forma pauperis in this action.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted;

---

[2] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

2. The Director of the California Department of Corrections and Rehabilitation or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and case number assigned to this action.

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections and Rehabilitations, via the court's electronic case filing system (CM/ECF).

4. The Clerk of Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

5. Plaintiff is advised that his complaint will be screened in due course, but the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable.

IT IS SO ORDERED.

Dated:   **May 15, 2020**

UNITED STATES MAGISTRATE JUDGE

4