UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOMEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00658-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>[ECF No. 11] |

Plaintiff Latwahn McElroy is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a temporary restraining order, filed on June 15, 2020.

**I.**

**LEGAL STANDARDS**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party serve must appear to defend.).

1   Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in
2   general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599
3   F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the
4   viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield,
5   599 F.3d at 969.

6         A temporary restraining order is an extraordinary measure of relief that a federal court may
7   impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party
8   "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
9   before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for
10  issuing a temporary restraining order is essentially the same as that for issuing a preliminary
11  injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)
12  (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

13        "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.
14  Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a
15  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
16  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
17  favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may
18  only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).
19  "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to
20  obtain a preliminary injunction."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th
21  Cir. 2011).

22        Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
23  Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
24  extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
25  means necessary to correct the violation of the Federal right."  Section 3626(a)(2) also places
26  significant limits upon a court's power to grant preliminary injunctive relief to inmates.  "Section
27  3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to
28  protect the bargaining power of prison administrators – no longer may courts grant or approve relief

that binds prison administrators to do more than the constitutional minimum." <u>Gilmore v. People of the State of California</u>, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

In his motion, Plaintiff seeks a temporary restraining order directing Defendants Gomez, Bjork, and Daniels "to procedure a medically appropriate extensive [course] of recovery therapy," and to provide all necessary medication and treatment. (Mot. at 1-2, ECF No. 11.)

As an initial matter, on June 11, 2020, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claim upon which § 1983 relief can be granted, and granted thirty days to file an amended complaint. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. <u>Winter</u>, 555 U.S. at 20. Therefore, the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999); <u>Zepeda v. U.S. I.N.S.</u>, 753 F.2d 719, 727-28 (9th Cir. 1983).

Further, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. <u>See</u> <u>Winter</u>, 555 U.S. at 20; <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." <u>Claiborne v. Blauser</u>, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommended adopted, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. <u>Caribbean Marine Servs. Co., Inc. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." <u>Id.</u> at 674-75.

Plaintiff has simply failed to demonstrate irreparable harm as he merely requests, without specific factual support, that certain medical devices be provided to him. Moreover, Plaintiff's claim

3

that medical devices were confiscated from his cell is belied by the fact that his inmate appeal was denied finding that the only device that was confiscated was a back brace which had been discontinued.  (Mot. Ex. 1A.)  Plaintiff's vague allegations do not support a finding of irreparable future harm.  Accordingly, Plaintiff's request for a temporary restraining order should be denied.

### III.

### ORDER AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order (ECF No. 11), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2020**

UNITED STATES MAGISTRATE JUDGE