1

2

3

4

5

6

7

8                               **UNITED STATES DISTRICT COURT**

9                               **EASTERN DISTRICT OF CALIFORNIA**

10

11   LATWAHN MCELROY,                          )   Case No.: 1:20-cv-00658-NONE-SAB (PC)
                                              )
12                  Plaintiff,                 )
                                              )   FINDINGS AND RECOMMENDATION
13          v.                                 )   RECOMMENDING PLAINTIFF'S SECOND
                                              )   MOTION FOR TEMPORARY RESTRAINING
14   GOMEZ, et al.,                            )   ORDER BE DENIED
                                              )
15                  Defendants.               )   [ECF No. 15]
                                              )
16                                             )
                                              )
17   _____ )

18          Plaintiff Latwahn McElroy is proceeding *pro se* and *in forma pauperis* in this civil rights

19   action pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's second motion for a temporary restraining order, filed

21   on June 18, 2020.

22                                          **I.**

23                                **LEGAL STANDARDS**

24          Procedurally, a federal district court may issue emergency injunctive relief only if it has

25   personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy

26   Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a

27   party officially, and is required to take action in that capacity, only upon service of summons or other

28   authority-asserting measure stating the time within which the party serve must appear to defend.).

                                              1

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief

that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

Plaintiff's current motion is rambling and incoherent.  For example, in the first two pages of Plaintiff's motion, he alleges as follows:

> I am the plaintiff in this case.  Made in support of my motion for temporary restraining order & it's annals in premising annex requisite specificity of medical mandate & p.r.o. in ex parte or other alternative with pro bono to ensure effective medical care & constitutional repair within speedier relief & recovery.
>
> As set forth in the "complaint," the Defendants used force, restraints, and departmental equipments, detention holds and abuses of authority from what to infringe the rights and/or confiscate the rights of others and "deprive medical necessities and due process and equal protections of accessibility and the handicapped . . ."  and in that wrongdoing there are several injuries, damages and exposure to risk of imminent danger and irreparable harm/injury damage that is/was extremely preventable (by nonetheless, as proper housing/placement scheme (non adverse) & with safeguard) in ability to use rle [sic], foot and/or leg due to spasm reoccurring; confiscations of several applications: (personal walker, single cell status, accessibility to activities, several assistive aids, family visiting (failure of compliance in Armstrong, Plata v. Newsom et al stipulative medical orders against the Department of Corrections), sanitary supplies (to prevent mishaps) and failure of effective medical care at a time to do so as in to prevent damage eg. Coronavirus, flu like symptoms and rick of coccidiosis areas, inter alia, improper placement scheme and ICC/UCC classification decisions that render or subject misappropriated discipline carelessly and recklessly with no objective … misleading, false, and inaccurate reports used against the plaintiff and as a threat from what Defendants fails a valid hearing and chief disciplinary officer (within 5 days) process (another infringement of due process rights).  The Department and said agencies, wardens and otherwise supervisors have also (been put on notice) failed to prevent such harm; to protect, and to prevent, correct, or supervise their subordinates.
>
> Instead of the necessary treatment that prevents pathological defect and infection/imminent dangers and/or loss of use, "the Defendants" (et al.) chose to put plaintiff in harms way (unnecessarily) (witnessed by Rn. Robinson) despite the reason to know of the same medical restrictions & consequences and ignored the obligations [fails safe custody and infringes tit. 15 C.C.R. 3271], inter alia, due to allergies, dust, deplorable …

(Mot. at 1-2, ECF No. 15.)  Plaintiff's allegations continue in the same fashion in the following twenty-four pages.  (Id.)  Nonetheless, as best the Court can decipher, Plaintiff seeks a temporary restraining order directing Defendants to provide him certain medical care and devices.  For the

3

following reasons, Plaintiff's motion should be denied.

First, Plaintiff cannot show that he has a likelihood of success on the merits because the complaint was screened on June 11, 2020, and failed to state any cognizable claims for relief.  (ECF No. 11.)  Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of a temporary restraining order. The court cannot, based on Plaintiff's lay opinion as to how to properly treat his medical condition(s), find that he is likely to prevail on the merits and that he will likely suffer irreparable harm in the absence of an order directing defendants to provide him with a cast, electric shock therapy, and a specialized brace. Plaintiff has not offered evidence demonstrating that any treatment for his condition(s) is "medically unacceptable under the circumstances ... and that [defendants'] chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Thus, at this stage in the litigation, plaintiff has not shown that his preferred course of treatment amounts to more than a difference in opinion as to the nature and extent of plaintiff's condition and the methodology of treatment. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (a difference in opinion between medical personnel does not amount to deliberate indifference).  Third, a request for a preliminary injunction is also premature insofar as no Defendant has been served. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  For all these reasons, Plaintiff's motion for a preliminary injunction should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order, filed on June 18, 2020, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with

4

the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 19, 2020**

UNITED STATES MAGISTRATE JUDGE

5