UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>   Plaintiff,<br><br>   v.<br><br>GOMEZ, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-00658-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS<br><br>[ECF No. 25] |

Plaintiff Latwahn McElroy is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion entitled "Notice & Federal Stipulative Writ of Mandamus and/or Petition for Administrative Review; Conjoined Opposition and/or Objection to Magistrate's Decision; Plaintiff Seeking Urgent Reconsideration, Otherwise Alternative to Proceed with Exception Granting Assistance of Counsel & Exhibit Supports," filed on July 31, 2020. Plaintiff's filing is very difficult to decipher as it is incoherent and rambling.  However, the Court will address the request as best if can decipher below.

///

///

///

1

## I.

## RELEVANT BACKGROUND

Plaintiff filed the instant action on May 11, 2020. On May 28, 2020, the Court found that Plaintiff suffered three or more strikes under 28 U.S.C. § 1915(g), but granted in forma pauperis status as Plaintiff demonstrated that he was in imminent danger of physical harm at the time of filing. (ECF No. 5.)

On June 11, 2020, the Court screened Plaintiff's complaint, found that no cognizable claims were stated, and granted thirty days to file an amended complaint. (ECF No. 8.) Plaintiff failed to file an amended complaint within the thirty day period. Accordingly, on July 20, 2020, the Court directed Plaintiff to show cause why the action should not be dismissed. (ECF No. 20.)

On July 31, 2020, Plaintiff filed a response to the order to show cause, and the instant motion for petition for writ of mandamus. (ECF Nos. 24, 25.)

## II.

## DISCUSSION

### A. Writ of Mandamus

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.' " In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947)). See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.").

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties ...." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials ...."). The extraordinary remedy of mandamus is not available in the instant case because the named Respondent is not an officer, employee, or agency of the United States,

and the Court lacks jurisdiction to compel action by California state officials. Accordingly, the petition for writ of mandamus should be dismissed for lack of jurisdiction. Further, the Court finds that Petitioner is not entitled to emergency injunctive relief. See Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim[.]").

### B. Request for Preliminary Injunction

To the extent Plaintiff seeks immediate medical treatment, his request must be denied.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive

means necessary to correct the violation of the Federal right."

As an initial matter, there is no operative complaint before the Court that has stated a cognizable claim for relief.[1]  Accordingly, Plaintiff has not and cannot demonstrate a likelihood of success on the merits.  Further, although Plaintiff contends that he is in need of medical treatment, he has not provided sufficient evidence to support his contention beyond his own conclusory statements.  Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").  Instead, the records that he provides demonstrate that he has been provided dental treatment and various medical devices. (ECF No. 25.)  In addition, Plaintiff's request for a preliminary injunction is also premature insofar as no defendant has been served.  Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

### C. Request for Appointment of Counsel

To the extent Plaintiff seeks appointment of counsel, his request must be denied.  As Plaintiff was previously advised, there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

---

[1] To the extent Plaintiff is attempting to challenge the Court's June 11, 2020, screening order, Plaintiff's remedy at this juncture is to file an amended complaint, which is presently due on or before September 7, 2020. (ECF No. 26.)  Further, the mere fact that Plaintiff was grant leave to proceed in forma pauperis, despite having suffered three or more strikes, does not mean he has sufficiently stated a cognizable claim for relief.  Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007) (the three-strikes rule is a screening device that does not judge the merits of prisoners' lawsuits).

4

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court has screened Plaintiff's complaint and found that he failed to state a cognizable claim for relief. Therefore, the Court cannot find that there is a likelihood of success on the merits. Accordingly, Plaintiff's motion for appointment of counsel should be DENIED without prejudice.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's petition for writ of mandamus be denied;
2. Plaintiff's request for a preliminary injunction be denied; and
3. Plaintiff's request for appointment of counsel be denied, without prejudice.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 12, 2020**

UNITED STATES MAGISTRATE JUDGE